UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DMITRI MEHLHORN,<br><br>        Plaintiff,<br><br>   v.<br><br>NO LABELS,<br><br>        Defendant. | Case No. 1:24-mc-00101 (EGS)<br><br>Underlying Litigation:<br>*No Labels v. NoLabels.com Inc.,*<br>No. 23 Civ. 1384 (D. Del) |

## JOINT STATUS REPORT

Plaintiff Dmitri Mehlhorn and Defendant No Labels respectfully submit this joint status report in response to the Court's December 3, 2024 Order. The parties have not resolved Mehlhorn's pending motion to quash No Labels' non-party subpoena, *see* ECF 1 (the "Mehlhorn Motion"), and state their respective positions below.

**A.  Petitioner Dmitri Mehlhorn provides the following update:**

Mehlhorn's position is that the Mehlhorn Motion should be resolved according to the same electronic discovery protocol that the parties negotiated—and that No Labels agreed to use—to resolve the substantively identical non-party subpoena at issue in *Steward v. No Labels*, No. 5:24-mc-80209 (N.D. Cal.) (the "Steward Action"). Over the last month, we have communicated that position on at least four occasions to counsel for No Labels, which refused to engage in any meaningful discussion, until surprising us this morning with a litigious, incomplete, and misleading unilateral draft status report rejecting that proposal and offering no alternative. For the reasons briefly outlined below, the negotiated protocol developed with the guidance of Magistrate Judge van Keulen's thoughtful October 24, 2024 Tentative Decision remains the only sensible way forward.

In her October 24, 2024 Tentative Decision, Magistrate Judge van Keulen recognized the First Amendment interests and the non-party burden issues presented by the non-party subpoena at issue ("Steward Subpoena") and, "after balancing the relevant considerations," the Court indicated that Steward should "produce a very-limited set of documents," focused principally on the website at issue in the underlying trademark litigation. ECF 17-1 at 1. In so doing, Magistrate Judge van Keulen indicated the Court's approval of a set of search terms that Steward proposed to No Labels, which focus only on the allegedly infringing website domain. *See* ECF 17-1 at 1-2 (citing Steward Action, ECF 19-2 at 23-25). Counsel representing Steward had proposed that set of search terms to resolve both the Mehlhorn and Steward Subpoenas, in response to a proposal from No Labels that likewise proposed a single set of search terms that would apply equally to both subpoenas. *See* ECF 1-3 at 108, 110. Magistrate Judge van Keulen also identified a limited list of counterparties with whom communications and shared files could be responsive, all relating to the specific website and domain at issue. ECF 17-1 at 2.

In view of that Tentative Decision, the parties held two meet-and-confers and exchanged email correspondence, and ultimately agreed to a detailed search protocol to govern the search and review of Steward's documents and communications, including an agreed date range and sets of search terms consistent with Magistrate Judge van Keulen's guidance. The parties informed Magistrate Judge van Keulen of that agreement on November 8, 2024, and the court vacated a conference and closed the case. *See* Steward Action, ECF 29.

Counsel for Steward (and Mehlhorn) diligently executed the agreed protocol, within the timetable that we previewed during those meet-and-confers, which included work over the Thanksgiving holiday, to say nothing of substantial cost to Steward. Upon the conclusion of that process, we sent a detailed letter, describing the search process, including with respect to specific

2

devices, databases, and sources. In full transparency, that letter also noted the existence of an information security policy, which was in place long before No Labels commenced the underlying action in Delaware. While No Labels' unilateral status report sent to us this morning attempts to suggest otherwise, there is no indication that any responsive documents were deleted, or ever existed—and No Labels fails to mention that our letter also confirmed appropriate preservation steps were taken promptly upon their service of a subpoena. No Labels also fails to acknowledge the sworn testimony, from both Steward and Mehlhorn that they had "no involvement in the formation of Nolabels.com Inc., the purchase of the nolabels.com domain, or the creation of the website at the nolabels.com domain." Steward Action, ECF 1-7 at 4 (Steward Decl. ¶ 10); *see also* ECF 1-3 at 98 (Mehlhorn Decl. ¶ 10). Accordingly, the lack of responsive documents—which we told No Labels to expect—is no surprise.

No Labels offers no basis to suddenly treat Mehlhorn and Steward differently, given that Mehlhorn and Steward were colleagues in Investing in Us (Mehlhorn is a co-founder and Steward is Managing Director) throughout the relevant timeframe, the subpoenas are substantively identical,[1] and No Labels itself negotiated their protocols jointly until now. *See* ECF 1-3 at 107–110; *see also* No Labels' Opp. to Dmitri Mehlhorn's Mot. to Quash Subpoena at 14, ECF 8 (expressing a desire "to avoid disparate rulings on similar matters and preserve judicial resources"). The fact that execution of Steward's document protocol confirmed what Steward and Mehlhorn have already said under oath—that they were not involved with the website at issue—is not a reason to authorize expanded fishing expeditions through the files of irrelevant non-parties who happen to be political adversaries footing the bill. Accordingly, the Court should resolve the

---

[1] The only differences between the two non-party subpoenas are the recipient names and the locations of compliance. *Compare* ECF 1-3 at 63–74, *with* Steward Action, ECF 1-4.

Mehlhorn Motion by ordering the parties to apply the same search protocol to which they have already agreed.

### B. Respondent No Labels provides the following update:

This case is one of three miscellaneous actions filed by non-parties that received subpoenas issued by No Labels in the underlying action. The subpoenas were served on or about June 7, 2024, over six months ago. The respective plaintiff(s) in each of the miscellaneous actions filed a motion to quash the subpoena, and all objected to requests to coordinate these disputes before the discovery master appointed in the underlying action. The law firm representing the plaintiff in this action also represents Rae Steward, the plaintiff in a miscellaneous action filed in the District Court for the Northern District of California. *Steward v. No Labels*, 5:24-mc-80209 (SVK) ("Steward action").

On November 14, 2024, plaintiff Dmitri Mehlhorn filed a notice of supplemental authority to advise the Court of a tentative ruling the Magistrate Judge in the Steward action issued for that motion to quash. (Dkt. 17-1.) Mehlhorn also notified this Court that the parties in the Steward action met and conferred and agreed upon a search protocol that Rae Steward and counsel were required to perform. That discussion followed the court's issuance of a tentative ruling, providing guidance on how the court planned to rule. Because the parties agreed on a search protocol in the Steward action, that court canceled the hearing for the motion to quash and closed the matter without issuing a final ruling. (Dkt. 17-2.)

Steward and her counsel agreed to the search protocol on November 8, 2024, but did not advise counsel for No Labels until December 6, 2024 (one day after being asked for an update) that because of an "operational security policy dated November 22, 2023" (around the same time the Nolabels.com website was being activated), many communications were automatically deleted

4

and Steward otherwise had no documents to produce. The court in the underlying action has authorized No Labels effort to pursue discovery to determine the extent of the unlawful conduct. No Labels is taking all reasonable steps to do so, and is entitled to complete responses and production of all discoverable materials, including a copy of the operational security policy that was implemented at a key moment during the deployment of the Nolabels.com website.

Discovery is set to close in the underlying action on December 16, 2024, although No Labels has asked the Delaware court to extend the deadline, in part because of the difficulty in obtaining document production from the third parties that have filed motions to quash. It is unknown when, or how, the court will rule on that request.

Mehlhorn stated in his notice that the parties were discussing a similar agreement in this matter. The parties *did* discuss a possible resolution in this action, but No Labels does not believe the subject individuals are similarly situated – Mehlhorn cofounded the political investment fund that hired Lucy Caldwell, one of the primary actors and political consultants in this situation. No Labels believes that the limited protocol agreed to for Steward is insufficient – especially in light of the recent statement that many of her communications were deleted because of an "operational security policy."

Accordingly, No Labels respectfully requests that the Court rule on Mehlhorn's motion to quash as soon as reasonably possible. To expedite resolution, No Labels submits that the dispute can be resolved without oral argument.

Dated: December 11, 2024

Mark D. Lytle (D.C. Bar No. 1765392)  
NIXON PEABODY LLP  
799 9th Street NW, Suite 500

John C. Quinn*  
Hyatt Mustefa*  
HECKER FINK LLP

5

Washington, DC 20001
Phone: (202) 585-8000
Fax: (907) 331-4726
Email: mlytle@nixonpeabody.com

Theodore A. Kittila (D.C. Bar No. 165939)
HALLORAN FARKAS + KITTILA LLP
5801 Kennett Pike
Wilmington, Delaware 19807
Phone; (302) 257-2025
Fax: (302) 257-2019
Email: tk@hfk.law

*Attorneys for No Labels*

350 Fifth Avenue, 63rd Floor
New York, NY 10118
(212) 763-0883
jquinn@heckerfink.com
hmustefa@heckerfink.com
*\*admitted pro hac vice*

Jackson Erpenbach (D.C. Bar 1735493)
HECKER FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
(212) 763-0883
jerpenbach@heckerfink.com

*Attorneys for Dmitri Mehlhorn*

6